IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

RANDY MILLER , ET AL.                §
                                     §
VS.                                  §    CAUSE NO.
                                     §    JURY
TXU ELECTRIC COMPANY, ET AL,         §

---

## PLAINTIFFS' ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES RANDY MILLER and other Plaintiffs as hereinafter listed complaining

of TXU ELECTRIC COMPANY.; TXU MINING COMPANY.; DPC INDUSTRIES INC. a/k/a

DIXIE PETRO-CHEM, INC.; EXXON MOBIL CORPORATION; KEELER & LONG, INC.

a/k/a KEELER & LONG PPG; EXIDE CORPORATION; BLUE STAR INDUSTRIES, INC.;

SHELL OIL COMPANY; CHEMSEARCH, a Division of NCH CORPORTION; CERTIFIED

LABS, a Division of NCH CORPORATION; BENETECH, INC.; FUCHS LUBRICANTS

CANADA, LTD, a Division of FUCHS LUBRICANTS CO.; WITCO CORPORATION d/b/a

WITCO CHEMICAL CORPORATION; LOGAN & WHALEY; ROYAL LUBRICANTS, INC.

f/k/a ANDEROL; HONEYWELL INTERNATIONAL, INC. f/k/A ALLIED-SIGNAL, INC.;

PRESTONE PRODUCTS, INC.; CAIN CHEMICAL, INC.; THE SHERWIN-WILLIAMS

1

COMPANY; HOBART BROTHERS COMPANY; DELAWARE EXCEL TECHNOLOGIES INTERNATIONAL CORPORATION; also known as Exceltec International Corporation; ALDRICH CHEMICAL CO., INC.; ATLAS PROCESSING COMPANY; BP AAMERICA, BERRYMAN CHEMICAL, INC.; BIG THREE INDUSTRIES, INC.; BUCYRUS INTERNATIONAL, INC.; DAUBERT INDUSTRIES, INC.; GENERAL ELECTRIC; GREATER SOUTHWEST CHEMICALS; HALLIBURTON INDUSTRIAL SERVICES, INC.; INCO ALLOYS INTERNATIONAL, INC.; INDUSTRIAL CHEM-TEX, INC.; JAMESBURY INC.; LINCOLN ELECTRIC COMPANY; MASTER BUILDERS, INC.; NATIONAL COOPERATIVE REFINERY ASSOC.; OILS ENERGY, INC.; PENNZOIL – QUAKER STATE COMPANY, f/k/a Pennzoil Products Company; STOODY COMPANY; TEXAS OLEFINS DOMESTIC-INTERNATIONAL SALES CORP., TEXAS OLEFINS; TRICON USA INC., d/b/a Tricon Distributing, Inc.; TRIUNE OIL CO.; UNITED LP GAS CORPORATION; VANGUARD PETROLEUM CORPORATION; and XERON, INC. and for cause of action would respectfully show as follows:

## I.

## PLAINTIFFS

### A.    EMPLOYEE AND CONTRACTOR PLAINTIFFS

1.    The following Plaintiffs are employees or contractors that worked at the TXU power plant or mines.  These Plaintiffs names and residences are as follows:

2.    Plaintiff Randy Miller is an individual residing in Athens, Texas, and is a resident of the State of Texas, and is a resident of the State of Texas.

2

3.      Plaintiff Randy Pearce is an individual residing in Frankston, Texas, and is a resident of the State of Texas.

4.      Plaintiff Randy Robinson is an individual residing in Longview, Texas, and is a resident of the State of Texas.

5.      Plaintiff Randy Wagar is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

6.      Plaintiff Randy Wooten is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

7.      Plaintiff Randy E. Kinsey is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

8.      Plaintiff Randy Paul Creel is an individual residing in Mt. Enterprise, Texas, and is a resident of the State of Texas.

9.      Plaintiff Ravay Wickware is an individual residing in Rusk, Texas, and is a resident of the State of Texas.

10.     Plaintiff Ray Lloyd is an individual residing in Joaquin, Texas, and is a resident of the State of Texas.

11.     Plaintiff Ray Mallard is an individual residing in Longview, Texas, and is a resident of the State of Texas.

12.     Plaintiff Raymond Paruszewski is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

13.    Plaintiff Raymond Thomas is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

14.    Plaintiff Raymond Tweedle is an individual residing in Mexia, Texas, and is a resident of the State of Texas.

15.    Plaintiff Reagan Young is an individual residing in Fairfield, Texas, and is a resident of the State of Texas.

16.    Plaintiff Rex Parkison is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

17.    Plaintiff Richard Dorough is an individual residing in Mt. Pleasant, Texas, and is a resident of the State of Texas.

18.    Plaintiff Richard Fisher, Jr. is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

19.    Plaintiff Richard Fountain is an individual residing in Mt. Pleasant, Texas, and is a resident of the State of Texas.

20.    Plaintiff Richard Haynie, Jr. is an individual residing in White Oak, Texas, and is a resident of the State of Texas.

21.    Plaintiff Richard Jones is an individual residing in Tyler, Texas, and is a resident of the State of Texas.

22.    Plaintiff Richard Steen is an individual residing in Teague, Texas, and is a resident of the State of Texas.

4

23.    Plaintiff Richard Tarjick is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

24.    Plaintiff Richard Weaver is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

25.    Plaintiff Richard L. Bedford is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

26.    Plaintiff Richard Lee Moore is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

27.    Plaintiff Rickey Howard is an individual residing in Mt. Pleasant, Texas, and is a resident of the State of Texas.

28.    Plaintiff Ricky Hatchel is an individual residing in Kilgore, Texas, and is a resident of the State of Texas.

29.    Plaintiff Ricky Pettiette is an individual residing in Arp, Texas, and is a resident of the State of Texas.

30.    Plaintiff Robert Abernathy is an individual residing in DeBerry, Texas, and is a resident of the State of Texas.

31.    Plaintiff Robert Brewster is an individual residing in Longview, Texas, and is a resident of the State of Texas.

32.    Plaintiff Robert Cantu is an individual residing in Hallsville, Texas, and is a resident of the State of Texas.

*Miller, et al. v. TXU Mining Co., Inc. et al.*
Plaintiffs' Original Complaint

33.    Plaintiff Robert Conner, Jr. is an individual residing in Mr. Pleasant, Texas, and is a resident of the State of Texas.

34.    Plaintiff Robert Hays is an individual residing in Longbranch, Texas, and is a resident of the State of Texas.

35.    Plaintiff Robert Jaecks is an individual residing in Buffalo, Texas, and is a resident of the State of Texas.

36.    Plaintiff Robert Jolley is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

37.    Plaintiff Robert Long is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

38.    Plaintiff Robert Magouirk is an individual residing in Whitehouse, Texas, and is a resident of the State of Texas.

39.    Plaintiff Robert Nichols is an individual residing in Longview, Texas, and is a resident of the State of Texas.

40.    Plaintiff Robert Pauler is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

41.    Plaintiff Robert Robinson is an individual residing in Joinerville, Texas, and is a resident of the State of Texas.

42.    Plaintiff Robert Rowe is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

43.     Plaintiff Robert Tinkle, Jr  is an individual residing in Gary, Texas, and is a resident of the State of Texas.

44.     Plaintiff Robert Williams is an individual residing in Longview, Texas, and is a resident of the State of Texas.

45.     Plaintiff Robert Young is an individual residing in Gary, Texas, and is a resident of the State of Texas.

46.     Plaintiff Robert Keith Sheppard is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

47.     Plaintiff Rocky Cooley is an individual residing in Gladewater, Texas, and is a resident of the State of Texas.

48.     Plaintiff Rodger Turner is an individual residing in Longview, Texas, and is a resident of the State of Texas.

49.     Plaintiff Rodney Crim is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

50.     Plaintiff Rodney Hammers is an individual residing in Gary, Texas, and is a resident of the State of Texas.

51.     Plaintiff Roger Byrdsong is an individual residing in Longview, Texas, and is a resident of the State of Texas.

52.     Plaintiff Roger Hunter is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

7

53.    Plaintiff Ronald Gabriel is an individual residing in Fairfield, Texas, and is a resident of the State of Texas.

54.    Plaintiff Ronald Ham is an individual residing in Mt. Enterprise, Texas, and is a resident of the State of Texas.

55.    Plaintiff Ronald Hardin is an individual residing in Corsicana, Texas, and is a resident of the State of Texas.

56.    Plaintiff Rondie Shaw is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

57.    Plaintiff Ronnie Smith is an individual residing in Center, Texas, and is a resident of the State of Texas.

58.    Plaintiff Ronnie Thompson is an individual residing in Troup, Texas, and is a resident of the State of Texas.

59.    Plaintiff Roy Briery is an individual residing in Beckville, Texas, and is a resident of the State of Texas.

60.    Plaintiff Roy Harrell is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

61.    Plaintiff Roy Henry is an individual residing in Mt. Pleasant, Texas, and is a resident of the State of Texas.

62.    Plaintiff Royce Jones is an individual residing in Longview, Texas, and is a resident of the State of Texas.

63.    Plaintiff Russell Emmons is an individual residing in Fairfield, Texas, and is a resident of the State of Texas.

64.    Plaintiff Russell Nalls is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

65.    Plaintiff Russell Rock is an individual residing in De Berry, Texas, and is a resident of the State of Texas.

66.    Plaintiff Ruthie Jeffery is an individual residing in Mount Pleasant, Texas, and is a resident of the State of Texas.

67.    Plaintiff Sammy McMillian is an individual residing in Beckville, Texas, and is a resident of the State of Texas.

68.    Plaintiff Sammy Eugene Kemp is an individual residing in Longview, Texas, and is a resident of the State of Texas.

69.    Plaintiff Sarah Harris is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

70.    Plaintiff Scott Coleman is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

71.    Plaintiff Sentell Harvey is an individual residing in Overton, Texas, and is a resident of the State of Texas.

72.    Plaintiff Shelia Adams is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

73.     Plaintiff Sidney Stearns is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

74.     Plaintiff Sonny Ray Walling is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

75.     Plaintiff Stan Farr is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

76.     Plaintiff Stan Williams is an individual residing in Longview, Texas, and is a resident of the State of Texas.

77.     Plaintiff Stanley Stork is an individual residing in Cartharge, Texas, and is a resident of the State of Texas.

78.     Plaintiff Stauton Rogers is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

79.     Plaintiff Stephen Boyd is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

80.     Plaintiff Stephen Braswell is an individual residing in Arp, Texas, and is a resident of the State of Texas.

81.     Plaintiff Stephen Dennis is an individual residing in Longview, Texas, and is a resident of the State of Texas.

82.     Plaintiff Stephen Sledge is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

10

83.     Plaintiff Steve Glover is an individual residing in Longview, Texas, and is a resident of the State of Texas.

84.     Plaintiff Steve Jeans is an individual residing in Center, Texas, and is a resident of the State of Texas.

85.     Plaintiff Steve Marshall is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

86.     Plaintiff Steve Ponder is an individual residing in Mt. Enterprise, Texas, and is a resident of the State of Texas.

87.     Plaintiff Steven Getro, Sr. is an individual residing in Longbranch, Texas, and is a resident of the State of Texas.

88.     Plaintiff Steven Patterson is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

89.     Plaintiff Steven Pierce is an individual residing in Beckville, Texas, and is a resident of the State of Texas.

90.     Plaintiff Terran Nalls is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

91.     Plaintiff Terry Easley is an individual residing in Mt. Vernon, Texas, and is a resident of the State of Texas.

92.     Plaintiff Terry Haynie is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

11

93.    Plaintiff Terry McFadden is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

94.    Plaintiff Terry McFerrin is an individual residing in Fairfield, Texas, and is a resident of the State of Texas.

95.    Plaintiff Terry Phillips is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

96.    Plaintiff Terry Ritter is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

97.    Plaintiff Terry Rushton is an individual residing in Garrison, Texas, and is a resident of the State of Texas.

98.    Plaintiff Terry Smiley is an individual residing in Beckville, Texas, and is a resident of the State of Texas.

99.    Plaintiff Theodore Keebaugh is an individual residing in Longview, Texas, and is a resident of the State of Texas.

100.    Plaintiff Thomas Farmer is an individual residing in Pittsburg, Texas, and is a resident of the State of Texas.

101.    Plaintiff Thomas Martin is an individual residing in Naples, Texas, and is a resident of the State of Texas.

102.    Plaintiff Thomas Simpson is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

12

103.    Plaintiff Tim Humber is an individual residing in Gary, Texas, and is a resident of the State of Texas.

104.    Plaintiff Tim Storer, is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

105.    Plaintiff Timmy Hill is an individual residing in Pittsburg, Texas, and is a resident of the State of Texas.

106.    Plaintiff Timothy Gest is an individual residing in Kilgore, Texas, and is a resident of the State of Texas.

107.    Plaintiff Tom Bogenschutz is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

108.    Plaintiff Tommy Baker is an individual residing in Tenaha, Texas, and is a resident of the State of Texas.

109.    Plaintiff Tommy Duke is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

110.    Plaintiff Tommy Griffin is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

111.    Plaintiff Tommy Williams is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

112.    Plaintiff Tony Gaston is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

13

113.    Plaintiff Tony Simmons is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

114.    Plaintiff Tony Snow is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

115.    Plaintiff Tony R. Centers is an individual residing in Longview, Texas, and is a resident of the State of Texas.

116.    Plaintiff Travis Meeks is an individual residing in Longview, Texas, and is a resident of the State of Texas.

117.    Plaintiff Troy Williams is an individual residing in De Berry, Texas, and is a resident of the State of Texas.

118.    Plaintiff Val Evans is an individual residing in Silver Springs, Texas, and is a resident of the State of Texas.

119.    Plaintiff Van Harris is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

120.    Plaintiff Velma Timberlake is an individual residing in Easton, Texas, and is a resident of the State of Texas.

121.    Plaintiff Vince Lee is an individual residing in Mt. Enterprise, Texas, and is a resident of the State of Texas.

122.    Plaintiff Wadell Thompson is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

14

123.    Plaintiff Walter Burns is an individual residing in Winnsboro, Texas, and is a resident of the State of Texas.

124.    Plaintiff Walter Johnson is an individual residing in Center, Texas, and is a resident of the State of Texas.

125.    Plaintiff Walter Perry, Jr. is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

126.    Plaintiff Walter Douglas Crawford is an individual residing in  Longview, Texas, and is a resident of the State of Texas.

127.    Plaintiff Walter L. Shipman is an individual residing in Gladewater, Texas, and is a resident of the State of Texas.

128.    Plaintiff Warren Hawkins is an individual residing in Longview, Texas, and is a resident of the State of Texas.

129.    Plaintiff Wayland Wagner is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

130.    Plaintiff Waymon Grimes is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

131.    Plaintiff Webster Nelson is an individual residing in Longview, Texas, and is a resident of the State of Texas.

132.    Plaintiff Wesley Partin is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

15

133.    Plaintiff Wilbur Williams is an individual residing in Graham, Texas, and is a resident of the State of Texas.

134.    Plaintiff William Barrett is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

135.    Plaintiff William Benedict is an individual residing in Longview, Texas, and is a resident of the State of Texas.

136.    Plaintiff William Bisnette is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

137.    Plaintiff William Carter is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

138.    Plaintiff William Clabaugh, Jr. is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

139.    Plaintiff William Foster is an individual residing in Marshall, Texas, and is a resident of the State of Texas.

140.    Plaintiff William Hooker is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

141.    Plaintiff William Maxey is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

142.    Plaintiff William Mercer is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

16

143.    Plaintiff William Trala is an individual residing in Timpson, Texas, and is a resident of the State of Texas.

144.    Plaintiff William Wade is an individual residing in Rusk, Texas, and is a resident of the State of Texas.

145.    Plaintiff William Waller is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

146.    Plaintiff William A. Pierce is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

147.    Plaintiff William Bradley Blair is an individual residing in Carthage, Texas, and is a resident of the State of Texas.

148.    Plaintiff William Bradley Welch is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

149.    Plaintiff William Kent Raines is an individual residing in Nacogdoches, Texas, and is a resident of the State of Texas.

150.    Plaintiff Willie Esters is an individual residing in Henderson, Texas, and is a resident of the State of Texas.

151.    Plaintiff Willie Glaspie is an individual residing in Tatum, Texas, and is a resident of the State of Texas.

152.    Plaintiff Willie Stoker is an individual residing in Longview, Texas, and is a resident of the State of Texas.

17

153.   Plaintiff Willie Storer is an individual residing in Longview, Texas, and is a resident of the State of Texas.

154.   Plaintiff Willie Talbert is an individual residing in Fairfield, Texas, and is a resident of the State of Texas.

155.   Plaintiff Wondell Sessions is an individual residing in Longbranch, Texas, and is a resident of the State of Texas.

156.   Plaintiff Terry Acker is an individual who resides in Tatum, Texas, and is a resident of the State of Texas.

157.   Plaintiff Robert Allen is an individual who resides in Diana, Texas, and is a resident of the State of Texas.

158.   Plaintiff Richard Amerson is an individual who resides in Mt. Pleasant, Texas, and is a resident of the State of Texas.

## B.    LANDOWNER PLAINTIFF

159.   The following Plaintiff is an individual that owns land located in close proximity to the TXU power plant or mines. The name and residence of this Plaintiff is as follows:

160.   Plaintiff Jason Lockridge is an individual who resides in Henderson, Texas, and is a resident of the State of Texas.

## II.

## TXU DEFENDANTS

161.   The following Defendants are either owners or operators of the TXU power plant or

18

mines where the Plaintiffs allege events leading to their injuries occurred.  The TXU power plant is situated adjacent to Martin Lake near Tatum, Texas.  The TXU mines are located in Panola, Rusk, and Harrison Counties.  The Plaintiffs will refer to the following Defendants collectively as the "TXU Defendants."  The names and service information for these Defendants is as follows:

162.    Defendant TXU Electric Company is a Texas corporation who may be served  with process by serving its registered agent for service of process, TXU Business Services Company, 1601 Bryan Street, 43rd Floor, Dallas, Texas 75201.

163.    Defendant TXU Mining Company is a Texas corporation who may be served with process by serving its registered agent, TXU Business Services Company, 1601 Bryan Street, Dallas, Texas 75021.

## III.

## MANUFACTURER, SUPPLIER, AND/OR DISTRIBUTOR DEFENDANTS

164.    The following Defendants are all Manufacturers, Suppliers and/or Distributors of the dangerous and toxic substances and materials that were used at the TXU mines and power plant. Plaintiffs allege that their injuries were caused or contributed to by the products manufactured, supplied, and/or distributed by these Defendants.  Plaintiffs will refer to these Defendants collectively as "Manufacturer, Supplier, and/or Distributor Defendants" herein.  The names and service information for these Defendants is as follows:

165.    Defendant DPC Industries, Inc. a/k/a Dixie Petro-Chem, Inc. is a Delaware corporation who may be served with process by serving its registered agent, CT Corporation System, 1081 Main

19

Street, Suite 1150, Houston, Texas 77002.

166.    Defendant Exxon Mobil Corporation is a New Jersey corporation who may be served with process by serving its registered agent, John F. Tully, 800 Bell Street, Houston, Texas 77002.

167.    Defendant Keeler & Long, Inc. a/k/a Keeler & Long PPG is a corporation who may be served by serving its President or Vice President at 856 Echo Lake Road, Watertown, Connecticut 06795.

168.    Defendant Exide Corporation is a Delaware corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

169.    Defendant Blue Star Industries, Inc. is a New York corporation who may be served with process by serving its president or vice president at #8 Tree Line Drive, Hopewell Jct., New York 12533-7200.

170.    Defendant Shell Oil Company is a Delaware corporation who may be served with process by serving its registered agent, Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

171.    Defendant Chemsearch, a Division of NCH Corporation, is a Delaware corporation and may be served with process by serving NCH Corporation's registered agent, Lester A. Levy, 2730 Carl Road, Irving, Texas 75062.

172.    Defendant Certified Labs, a Division of NCH Corporation, is a Delaware corporation and may be served with process by serving NCH Corporation's registered agent, Lester A. Levy, 2730 Carl Road, Irving, Texas 75062.

20

173.    Defendant Benetech, Inc. is an Illinois corporation who may be served with process by serving its registered agent, Tim Cox, 701 East Midland, Marshall, Texas 75670.

174.    Defendant Fuchs Lubricants Canada, LTD, a Division of Fuchs Lubricants Co., may be served by serving Fuchs Lubricants Co.'s president or vice president at 17050 Lathrop Avenue, Harvey, Illinois 60426.

175.    Defendant Witco Corporation D/B/A Witco Chemical Corporation is a Delaware corporation duly authorized to conduct business in the State of Texas and may be served with process by serving its registered agent for service, Prentice Hall Corporation, 800 Brazos, Austin, Texas 78701.

176.    Defendant Logan & Whaley Company is a Texas corporation who may be served by serving its registered agent, Thomas L. Whaley, No. 109 East Austin Street, Marshall, Texas 75670.

177.    Defendant Royal Lubricants, Inc., a/k/a Anderol, is a corporation who may be served by serving its President or Vice President at 215 Merry Lane, East Hanover, New Jersey 07936.

178.    Defendant Honeywell International, Inc., formerly known as Allied-Signal, Inc., is a Delaware corporation who may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

179.    Defendant Prestone Products, Inc. is a corporation who may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

180.    Defendant Cain Chemical, Inc. is a Delaware corporation who may be served by serving its registered agent, Prentice-Hall Corporation System, Inc., 800 Brazos Street, Suite 750, Austin, Texas 78701-12554.

21

a.           Defendant The Sherwin-Williams Company is a corporation who may be served by serving its president or vice president at 101 Prospect Avenue, Cleveland, Ohio 44115.

181.    Defendant Hobart Brothers Company is a Ohio corporation which may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

182.    Defendant Delaware Excel Technologies International Corporation, also known as Exceltec International Corporation, is a Delaware corporation who may be served by serving its registered agent, Corporation Service Company, 800 Brazos, Austin, Texas.

183.    Defendant Aldrich Chemical Co., Inc., is a Delaware corporation who may be served with process by serving its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

184.    Defendant Atlas Processing Company is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

185.    Defendant BP America is a corporation who may be served by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

186.    Defendant Berryman Chemical, Inc. is a corporation who may be served by serving its registered agent for service, James H. Shoemake, 626 West Alabama, Houston, Texas 77006.

187.    Defendant Big Three Industries, Inc. is a corporation who may be served by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

188.    Defendant Bucyrus International, Inc. is a Delaware corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

189.    Defendant Daubert Industries, Inc. is a Delaware corporation who may be served with process by serving its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

190.    Defendant General Electric is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

191.    Defendant Greater Southwest Chemicals is a corporation who may be served with process by serving its registered agent for service, Steve A. Jenkins, 1344 Crampton Street, Dallas, Texas 75107.

192.    Defendant Haliburton Industrial Services, Inc. is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 1601 Elm Street, Dallas, Texas 75201.

193.    Defendant Inco Alloys International, Inc. is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

194.    Defendant Industrial Chem-Tex, Inc. is a corporation who may be served with process by serving its registered agent for service, Harvey F. Fudge, 5219 N. Wood Lane, Longview, Texas 75601.

23

195.    Defendant Jamesbury Inc. is a corporation who may be served with process by serving its registered agent for service, National Registered Agent, Inc., 9 E Loockerman, Dover, Delaware 19901.

196.    Defendant Lincoln Electric Company is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

197.    Defendant Master Builders, Inc. is a corporation who may be served with process by serving its President or Vice President at 23700 Chargrin Boulevard, Cleveland, Ohio 44122.

198.    Defendant National Chemical Cooperative Refinery Assoc. is a corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

199.    Defendant Oils Energy, Inc. is a corporation who may be served with process by serving its President or Vice President at 5240 East Pine, Tulsa, Oklahoma 74115.

200.    Defendant Pennzoil – Quaker State Company f/k/a Pennzoil Products Company is a corporation who may be served with process by serving its registered agent for service, CT Corporation Systems, 1021 Main Street, Suite1150, Houston, Texas 77002.

201.    Defendant Stoody Company is a corporation who may be served with process by serving its President or Vice President at 5557 Nashville Road, Bowling Green, Kentucky 42101.

202.    Defendant Texas Olefins Domestic-International Sales Corp., is a corporation who may be served with process by serving its registered agent for service, Dave C. Swalm, Two Park West Plaza, Baytown, Texas 77520.

24

203.    Defendant Texas Olefins is a Texas corporation who may be served with process by serving its registered agent for service, Dave C. Swalm, Two Park West Plaza, Baytown, Texas 77510.

204.    Defendant Tricon USA, Inc. d/b/a Tricon Distributing, Inc.., is a Delaware corporation who may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas  75201.

205.    Defendant Triune Oil Co., Inc. is a corporation who may be served with process by serving its registered agent for service, W. R. Killian, 1700 Tulip Lane, Longview, Texas  75601.

206.    Defendant United LP Gas Corporation is a corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

207.    Defendant Vanguard Petroleum Corporation is a corporation who may be served with process by serving its registered agent for service, John M. Kelly, Jr., 1111 North Loop West, Suite 1100, Houston, Texas  77008.

208.    Defendant Xeron, Inc. is a corporation who may be served with process by serving its registered agent for service, E. A. Allen, 9301 Southwest Frwy., Suite 325, Houston, Texas 77074.

## IV.

### JURISDICTION AND VENUE

209.    The Court has personal jurisdiction over the Defendants because the Defendants are

25

doing business in Texas. The Court has subject matter jurisdiction over the controversy based upon 28 U.S.C. §1331 because this cause of action involves claims raised pursuant to The Comprehensive Environmental Response Compensation and Liability Act (CERCLA), 42 U.S.C. §9601 et seq. Additionally, the Court has jurisdiction to hear the pendent state claims raised in this complaint pursuant to 28 U.S.C. §1367.

210.    This Court has venue pursuant to 28 U.S.C. § 1391(a)(2). Venue is proper in the Eastern District of Texas because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Rusk, Panola, and Harrison Counties Texas, all of which are situated within the bounds of the Eastern District of Texas.

## V.

## CORPORATE DEFENDANTS

211.    Whenever it is alleged herein that a corporate Defendant did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants, employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendant, or were acting in the normal, routine course and scope of their employment, agency or representation. To this end, the Plaintiffs invoke the doctrine of *Respondeat Superior* in this case.

212.    Alternatively and in addition to the foregoing, it is meant that a predecessor-in-interest corporation is liable for the alleged acts of the corporate Defendant and any successor-in-interest corporation is liable for the acts and omissions of its predecessor corporation.

26

213.    Alternatively and in addition to the foregoing, it is meant that a corporate Defendant is responsible because the conduct, negligence and other acts and omissions of another Defendant or entity not a Defendant herein are imputable to it, in that they were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law; or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

214.    Finally, the Plaintiffs further assert that some Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

## VI.

## BACKGROUND

215.    Plaintiffs are members of one or more of the following groups: employees and/or contractors that worked for the TXU Defendants or on those Defendants' premises and landowner claimants.   The employee and/or contractor Plaintiffs worked at either the TXU power plant located near Martin Lake close to Tatum, Texas or the TXU mines located in Rusk, Panola, and Harrison counties.  The landowner Plaintiff owns property located in close proximity to the TXU power plant.

27

216.    Plaintiffs would show that in the operation of the TXU mines and power plant during the years from the early 1970s through and until the present, a number of toxic chemicals, compounds, solids and substances were used including, but not limited to, the following:  Varsol 1, 3 and 18, butyl acetate, polyamide, mineral spirits, benzene, toluene, ethylene diamine, petroleum hydrocarbons, alkaline mixtures, hexane, aliphatic petroleum distillate, compressor oils, aminic surfactent blends, sulfonate, heavy petroleum naphtha, corrosion inhibitors,  and petroleum distillates.   Additionally, there were a number of pieces of equipment used at the power plant that caused the Plaintiffs' injuries.   These pieces of equipment were used for the purposes of hauling coal and other products at the plant.   These pieces of equipment, including railroad locomotives, railcars and other heavy equipment caused the employee and contractor Plaintiffs to be exposed to diesel fumes, asbestos (from gaskets, seals, brake pads, and other component parts of equipment), silica dust, and coal dust.  Finally, the landowner Plaintiff would show that in the operation of the TXU power plant and mines that toxic and dangerous substances have been released into the environment and onto the landowner Plaintiff's property and home.

## VII.
## COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT (CERCLA) CLAIMS

217.    The Plaintiffs bring a cause of action against the TXU Defendants for recovery of response costs pursuant to CERCLA §107.  The Plaintiffs were not required to send notice of their CERCLA claim to the TXU Defendants because there is no notice and delay requirement

28

for a cost recovery action brought pursuant to CERCLA §107.

218.    To establish a prima facie case of liability in a CERCLA §107 cost recovery action, a plaintiff must demonstrate that (1) the site in question is a "facility" as defined in §9601(9); (2) the defendant is a responsible person under §9607(a); (3) a release or threatened release of a hazardous substance has occurred; and (4) that the release or threatened release has caused the plaintiff to incur response costs.

219.    CERCLA §9601(9) defines facility as "(A) any building, structure, installation, equipment . . . landfill, storage container . . . or (B) any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." Further, 42 U.S.C. §9607(a) makes a person who owns or operates a facility at the time hazardous substances are disposed of liable for response costs incurred as a result of a release or threatened release of hazardous substances, which are necessary and consistent with the National Contingency Plan.

2201.    With regards to showing that the TXU Defendants are a "facility" and a "responsible person" under CERCLA, the Plaintiffs would show that the TXU Defendants own and operate a power generating plant and coal/lignite mines in Rusk, Panola, and Harrison Counties.  In the operation of the power plant and the mines, the Plaintiffs would show that the TXU Defendants caused the release of dangerous and toxic substances including arsenic, sulphur, carbon dioxide, soot, ash, radiation, coal dust, silica dust and solvents into the environment and onto the property of the landowner Plaintiff and others living nearby.

221.    The Plaintiffs would show that they have incurred response costs as a result of the above-

29

described releases caused by the TXU Defendants. Under CERCLA "response costs" include costs of removals and remedial actions and enforcement actions related thereto. 42 U.S.C. 9601(25). Removal and remedial actions are defined broadly as:

      a.    <u>Removal:</u>  The cleanup or removal of released hazardous substances from the environment, such actions as may be necessary taken in the event of the threat of release of hazardous substances into the environment, such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances, the disposal of removed material, or the taking of such other actions as may be necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment, which my otherwise result from a release or threat of release. The term includes, in addition, without being limited to, security fencing or other measures to limit access, provision of alternative water supplies, temporary evacuation and housing of threatened individuals . . . 42 U.S.C. § 9601(23).

      b.    <u>Remedial action:</u>    those actions consistent with permanent remedy taken instead of or in addition to removal actions in the event of a release or threatened release of a hazardous substance into the environment, to prevent or minimize the release of hazardous substances so that they do not migrate to cause substantial danger to present or future public health or welfare or the environment. 42 U.S.C. § 9601(24).

222.   In support of their CERCLA claim, the Plaintiffs would show that they have incurred response cost including costs for investigation of the extent of contamination in the areas surrounding the TXU power plant and mines and identification of potentially responsible parties for that contamination. As a result of the releases or threats of releases of hazardous substances onto the Plaintiffs' properties, the Plaintiffs have undertaken investigations and will continue to undertake further appropriate investigations, monitoring, testing, and remediation activities on their properties. In the course of their investigations and future investigations, monitoring, testing, and remediation activities, the Plaintiffs have incurred and will continue to incur "response" costs within the meaning of 42 U.S.C. §§9601(23)-(25), 9607(a)(4)(B).

223.   The response costs incurred thus far have included approximately $10,000.00 in expenses

30

related to conducting environmental sampling and investigatory work necessary to determine the extent of the Plaintiffs' land contamination and the source of that contamination. Plaintiffs incurred these costs due to their concerns regarding their health and the environmental impact of the hazardous substances that have been, and continue to threaten to be, released from the TXU Defendants' power plant and mines. These costs were incurred prior to filing suit. The Plaintiffs are personally liable for these costs.

224.    In regard to the costs incurred by the Plaintiffs, all of those response costs have been necessary and consistent with the National Contingency Plan. The response costs that the Plaintiffs will incur in the future will be necessary and consistent with the National Contingency Plan. Finally, the costs are consistent with the National Contingency Plan's requirements for removal actions as the Plaintiffs costs relate to evaluating the sites in question, identifying the source of the contamination, and the nature of the threat. 40 CFR § 300.410. Thus, the TXU Defendants are liable to the Plaintiffs pursuant to 42 U.S.C. §§9607(a)(2), 9613(f) for response costs that have been or will be incurred by the Plaintiffs.

225.    Finally, the Plaintiffs seek a declaration that the TXU Defendants be held jointly and severally obligated to the Plaintiffs for the necessary costs of response resulting from the release of hazardous substances not caused by the Plaintiffs onto the Plaintiffs' properties and that those Defendants shall be responsible for all necessary costs and responses necessary to remedy those releases incurred in the future, and for damages representing past and future necessary response costs in the amounts to be established at the time of trial, but not less than $20,000,000.00.

31

# VIII.

## STATE LAW CLAIMS AGAINST THE TXU DEFENDANTS

### A.    INTENTIONAL INJURY & GROSS NEGLIGENCE

226.    The employee Plaintiffs that are no longer employed by the TXU Defendants and their spouses bring claims against the TXU Defendants for intentional injury pursuant to the intentional injury exception to the Texas Workers' Compensation Law recognized by Texas Courts. These Plaintiffs would show that the TXU Defendants knew to a substantial certainty that their wrongful acts and omissions would cause injury to their former employees yet proceeded with intentional indifference to the health and safety of those Plaintiffs. Moreover, under Texas law, the spouses of the former employee Plaintiffs have a separate property claim for their loss of consortium caused by the intentional injuries inflicted by the TXU Defendants in this case.

### B.    PREMISES LIABILITY

227.    The contractor Plaintiffs bring suit against the TXU Defendants based upon a premises liability theory. These Plaintiffs would show that at the time that they entered upon the TXU Defendants premises they held the legal status of invitees. As such, the TXU Defendants owed the contractor Plaintiffs a high duty of care. Specifically, the TXU Defendants owed the contractor Plaintiffs a duty to warn of, or correct, any dangerous conditions upon the TXU Defendants premises of which those Defendants knew or, through the exercise of reasonable care, should have discovered existed.

228.    The contractor Plaintiffs allege that TXU Defendants breached their duty to the

32

contractor Plaintiffs thereby causing the contractor Plaintiffs harm.  Specifically, the contractor Plaintiffs would show that the TXU Defendants knew, or should have known, that the toxic substances being used on the Defendants' premises would be harmful to the contractor Plaintiffs and that those Plaintiffs would not know of, or appreciate, the dangers to which they were being exposed.  Even though the TXU Defendants were cognizant of the dangerous conditions that existed on their premises, they failed to warn the contractor Plaintiffs or take reasonable steps to correct the hazards thereby making them liable to the contractor Plaintiffs in this case.

### C.    NEGLIGENCE AND NEGLIGENCE *PER SE*

229.    The contractor and landowner Plaintiffs named herein also bring claims against the TXU Defendants based upon negligence and negligence *per se* theories.  These Plaintiffs would show the Court that for approximately 30 years, the TXU mines and power plant were operated in a negligent manner, thereby exposing TXU contractors and adjacent landowners to a number of toxic chemicals, compounds, solvents, and substances.  The TXU Defendants named herein used and produced these dangerous substances and materials in the operation of those Defendants mining and power generation activities.  Such Defendants knew, or in the exercise of ordinary and reasonable care, should have known, that these toxic and hazardous materials would have dangers that would be unknown to and unappreciated by contractors and neighbors of the plant. The TXU Defendants knew, or reasonably should have foreseen, that these Plaintiffs or someone similarly situated would come in contact with and be exposed to these dangerous and toxic materials.  Specifically, the TXU Defendants were negligent in at least the following ways:

      a.    Failing to provide adequate warnings of the dangers posed by the materials used

33

at the Defendants' power plant and mines reasonably calculated to reach the persons exposed and/or whom the Defendants knew or should have known would be exposed;

b.    Failing to provide adequate warnings to the users and/or those likely to be exposed to the toxic materials used at, and emitted, from the Defendants' power plants and mines, regarding the known and/or reasonably discoverable danger of contracting severe, permanent, and disabling injuries including but not limited to immune system damage, cancers, neurological damage and various target organ damage;

c.    Failing to adequately and sufficiently test the materials used at the Defendants' power plant and mines to ascertain any adverse effect(s) of exposure to persons such as these Plaintiffs;

d.    Failing to furnish proper equipment, devices, and appliances and/or instruct Plaintiffs and others likely to be exposed as to the need for proper equipment, devices and appliances;

e.    Failing to adequately and sufficiently instruct or notify Plaintiffs of proper safety measures, procedures, precautions and practices to reduce and/or eliminate the danger(s) posed by exposure to the materials used at the Defendants' power plant and mines;

f.    Failing to properly transport, deliver, and dispose of materials used in the processes at the Defendants' power plant and mines;

g.    Allowing toxic materials to be discharged onto and under the ground, into the water and into the atmosphere in quantities sufficient to cause adverse health effects and property contamination;

h.    Failing to inspect, study and evaluate all materials used in production at their power plant and mines to ascertain fitness for use and proper methods to insure safety of these Plaintiffs; and

i.    Failing to employ proper devices, techniques and equipment to prevent the emission of dangerous substances into the atmosphere.

230.    The TXU Defendants are also guilty of violating federal law, Texas state statutes, and federal and state regulatory provisions concerning discharge of toxic materials and contaminants giving rise to negligence *per se* in this case. The Plaintiffs are members of the class of

34

individuals intended to be protected by the following regulations and as such have standing to bring claims for negligence *per se* as more fully alleged herein.

231.    Specifically, the TXU Defendants are guilty of violating provisions of the following: the Texas Administrative Code; the Texas Labor Code; and the Comprehensive Environmental Response Compensation and Liability Act (CERCLA). Moreover, the Defendants also violated numerous regulations of the Texas Natural Resources Conservation Commission (TNRCC); the Environmental Protection Agency (EPA); and the Occupational Health and Safety Administration (OSHA) in the operation of their power plant and mines.

232.    Alternatively and in addition to the above, the Plaintiffs invoke the doctrine of *res ipsa loquitur* in this case since said Plaintiffs cannot more specifically allege the acts of negligence on the part of the TXU Defendants because the facts in that regard are peculiarly within the knowledge of those Defendants. In that connection, the Plaintiffs would state that the power generation and mining processes and the toxic chemicals and contaminants used therein were within the exclusive control of the TXU Defendants and the wrongful release of the toxic materials named herein would not have occurred absent the negligence on the part of those Defendants.

## D.    TRESPASS

233.    Further, as to the adjacent landowners, the TXU Defendants allowed toxic materials to be discharged onto and into the ground, into the water, and into the atmosphere in quantities far exceeding acceptable levels. The TXU Defendants knew that the chemicals, solvents and materials that they allowed to be discharged were exceedingly dangerous and injurious both to

35

property and to human beings yet intentionally committed acts causing their release nonetheless. The foregoing releases and discharges by the TXU Defendants caused toxic materials to sporadically, intermittently, and occasionally invade and enter onto the landowner Plaintiffs' real property whenever there were heavy rains or strong winds. Thus, the TXU Defendants are guilty of trespass, as that term is understood in Texas law, by virtue of intentionally discharging and/or allowing to be discharged these toxic materials which invaded the landowner Plaintiffs' real property causing diminished land values and personal injuries to those Plaintiffs.

**E.    NUISANCE**

234.    The landowner Plaintiffs would show that the operation of the TXU power plant and mines constitutes both a private and public nuisance in this case. As to the private nuisance claims, the landowner Plaintiffs would show that they owned and were in lawful use and possession of real property located near or adjacent to the TXU power plant and mines. The operations of the TXU power plant and mines constitutes a private nuisance as to the landowner Plaintiffs in this case by substantially and unreasonably interfering with those Plaintiffs' use and enjoyment of their property. Specifically, the TXU Defendants' operations and processes used at the power plant caused hazardous chemicals, materials and solvents to be released into the air and groundwater and eventually onto the Plaintiffs' property. Thus the actions on the part of TXU Defendants have resulted in an intentional or negligent invasion of the use and enjoyment by the landowner Plaintiffs of their real property, damaged those Plaintiffs' health, caused those Plaintiffs extreme annoyance and discomfort, and substantially interfered with the ability of those Plaintiffs to realize the market value of their properties.

36

235.   The actions of the TXU Defendants also constitute a public nuisance in this case.  The releases of toxic chemicals, solvents and materials by the TXU Defendants unreasonably interfered with the health, safety, and property rights of the surrounding community and therefore constitutes a public nuisance in this case.  The injuries caused by the public nuisance are unique to the Plaintiffs in this case thereby entitling them to be awarded damages for their injuries.

## IX.

## STATE LAW CLAIMS AGAINST THE MANUFACTURER, SUPPLIER AND/OR DISTRIBUTOR DEFENDANTS

### A.    NEGLIGENCE

236.   Each of the Plaintiffs named herein also brings suit against the Manufacturer, Supplier, and/or Distributor Defendants based upon common law negligence theories.    The aforementioned chemicals were manufactured, distributed, and or supplied to the TXU power plant and mines by the Manufacturer, Supplier and Distributor Defendants named herein.  Those Defendants knew, or should have known, that the toxic and hazardous materials that were manufactured, distributed, or supplied by them to the TXU mining operations and power plant would have dangers that would be unknown to and unappreciated by workers and management personnel at the plant.

237.   The Manufacturer, Supplier and/or Distributor Defendants were negligent in failing to provide adequate warnings of such dangers which were reasonably calculated to reach the persons who were exposed and who those Defendants knew, or should have foreseen, would be

37

exposed to their dangerous products. Such negligence was a proximate cause of the damages alleged and suffered by the Plaintiffs as more particularly described herein. The Plaintiffs allege that said Manufacturer, Supplier and Distributor Defendants were negligent in numerous ways, including but not limited to, the following:

     a.     Failing to warn, or failing to adequately and sufficiently warn, foreseeable consumers and users of their products such as the Plaintiffs of the known, or reasonably discoverable, danger of contracting severe, permanent, and disabling injuries as a result of exposure to the Defendants' products. As a result of said exposure, Plaintiffs have suffered severe bodily injury including, but not limited to, damage to their immune system, cancers, neurological damage and target organ damage which Plaintiffs contracted as a result of their use and exposure to the Defendants' dangerous products. The Defendants knew or could reasonably have foreseen that the Plaintiffs, or someone situated such as the Plaintiffs, would come in contact with and be exposed to their products yet they failed to take reasonable and necessary measures to eliminate or reduce said dangers;

     b.     Failing to test their products, or failing to adequately and sufficiently test their products, concerning the effect of exposure to persons situated such as the Plaintiffs;

     c.     Failing to furnish proper equipment, devices, appliances, instruction, or notification to users or consumers situated as the Plaintiffs;

     d.     Failing to instruct or notify, or failing to adequately and sufficiently instruct or notify, users or consumers such as the Plaintiffs of proper safety measures, procedures, precautions, and practices, necessary to reduce or eliminate the danger posed by exposure to the Defendants products;

     e.     Failing to label their products with proper warnings, or adequate and sufficient warnings, calculated to warn persons situated such as the Plaintiffs of the dangers associated with exposure to the Defendants' products;

     f.     Failing to label their products with instructions, or adequate and sufficient instructions, concerning the safe use of the products; and failing to give instruction on proper protective equipment, devices, appliances, safety measures, procedures, precautions, and/or practices to be used with the products; and

     g.     Transporting and delivering said products to the TXU Defendants in a negligent manner or unsafe condition.

238.    Moreover, the Plaintiffs named herein also bring suit against the Manufacturers, Suppliers, and/or Distributors of various types of equipment utilized at the TXU Defendants' power plant and mines.  The Defendant equipment manufacturers, distributors, and/or suppliers were negligent in that their equipment failed in its operation, use, purpose and in other ways that caused employees to be exposed to high levels of diesel fumes, asbestos and silica products and to high levels of other toxic chemicals at times and in ways that caused them harm.  Finally, each of the alleged negligent acts or omissions of the various Manufacturer, Supplier, and/or Distributor Defendants was a proximate cause of the Plaintiffs' injuries as alleged more fully herein.

## B.    BREACH OF WARRANTY

239.    The Manufacturer, Distributor and/or Supplier Defendants are merchants as that term is defined in the Texas Business and Commerce Code in that each Defendant deals in goods of the kind in question and each holds itself out as having knowledge peculiar to such products.  As merchants pursuant to the Texas Business and Commerce Code, those Defendants expressly and impliedly warranted and represented that their products were merchantable and fit for the ordinary purposes for which such products are used.  These warranties and representations on the part of the Defendants were false.  In fact, such products at the time of sale were unmerchantable and unfit for their intended use, and the Defendants breached the warranties implied by law as well as express warranties, all of which were a producing cause of the injuries sustained by Plaintiffs and their resulting damages.  Thus, Plaintiffs are entitled to recover under provisions of

39

the Texas Business and Commerce Code as well as other applicable warranty laws of the State of Texas.

240.    Any disclaimer of warranties by the Manufacturer, Supplier, and/or Distributor Defendants was ineffective for the reason that the disclaimer was not a basis of the bargain. In the alternative, such disclaimer, if any, was not conspicuous. In the alternative, such a disclaimer is unconscionable under the Texas Business and Commerce Code and as such, Plaintiffs pray that such disclaimer not be enforced.   Any limitations of consequential damages by any Defendant is unconscionable under the Texas Business and Commerce Code, and Plaintiffs pray that any such limitation not be enforced.   All exclusive or limited remedies provided by the Defendants have failed of their essential purpose; therefore, not withstanding any such disclaimer or limitation of remedies, Plaintiffs seek and are entitled to recover all damages recoverable under the Texas Business and Commerce Code and all damages recoverable at common law for such breach.

## X.

## STRICT PRODUCTS LIABILITY

### A.    MARKETING DEFECT

241.    The Manufacturer, Distributor and/or Supplier Defendants manufactured, marketed, sold, distributed, supplied, and/or placed in the streams of commerce the toxic materials or defective equipment described herein which were defective and unreasonably dangerous in the way that they were marketed by Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers reasonably calculated to reach persons who

40

were exposed, the persons responsible for allowing the exposure, and all persons Defendants knew or should have foreseen would be exposed. Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

## B.    DESIGN DEFECT

242.    Further, the products that were manufactured, marketed, sold, distributed, supplied, or placed in the stream of commerce by the Manufacturer, Supplier, and/or Distributor Defendants were of such a defective and toxic nature that they were unreasonably dangerous in their design. The purpose of the equipment was to ensure safe operations at the TXU power plant and mines and protect persons situated such as Plaintiffs from exposure from the diesel fumes, asbestos, silica dust, coal dust and dangerous chemicals and solvents used at the plant. The failure or defective design of the equipment caused or contributed to the toxic exposures of the Plaintiffs. The chemicals used at the power plant and mines and the defective equipment created an abnormal danger when used by Plaintiffs and other similarly situated when balanced with the utilities of such products and Defendants should be held liable in strict liability pursuant to the rulings of the Texas Courts and as adopted in the Restatement of Torts 2d, Section 402A, et al. Such design defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly described herein. Defendants are jointly and severally liable to Plaintiffs pursuant to these provisions for introducing into the stream of commerce these defective and unreasonably dangerous products.

XI.

## FRAUDULENT CONCEALMENT

243.    Plaintiffs would show that the real cause of their injuries and damages have just now become known to them and others similarly situated, and they have forthwith and timely brought this action. Plaintiffs allege that the Defendants committed acts and omissions which were calculated to, and did, fraudulently conceal from them and others similarly situated the true conditions and dangers of working in and around the products in question and living near the TXU facilities. Plaintiffs have just now become aware of such dangers due to such fraudulent concealment by the Defendants and of more importance, the damages done to them by the Defendants' products and operations.

## XII.

## FEDERALLY MANDATED COMMENCEMENT DATE

244.    Plaintiffs would further show that this action is governed by Title 42 of the United States Code, Chapter 103 § 9658 et seq., which provides a Federally Mandated Commencement Date for accrual of state law claims for personal injury or property damages.  Pursuant to said law, Plaintiffs plead that their commencement date is the Federally required commencement date which is the date that Plaintiffs knew, or reasonably should have known, that the personal injury or property damages suffered were caused or contributed to by the hazardous substances or pollutants or contaminate concerned.

## XIII.

## DISCOVERY RULE

42

245.     The Plaintiffs would further show the Court that they were and have been completely innocent of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which they have been exposed.  Only recently, and through no lack of diligence whatsoever on their part, have the Plaintiffs been advised of the damage which has been done by the exposures described herein and that such damages were directly and proximately caused and produced by the wrongful conduct of the Defendants.  Thus, the Plaintiffs invoke the "Discovery Rule" as that term is construed under Texas law to toll the running of any statue of limitations applicable to this case.

## XV.

### PLAINTIFFS' PERSONAL INJURIES

246.     As a direct and proximate result and product of the wrongful conduct of the Defendants as described herein, Plaintiffs have suffered personal injuries which are serious, long-lasting, and in all probability, permanent, and because of the nature of the invasion of their bodies by such toxic chemicals and materials, Plaintiffs are at an increased risk in the future to suffer new, enhanced, and additional personal injuries and diseases such as cancer which are presently unknown to them.  Generally speaking, Plaintiffs suffer from the injurious effects of one, some, or all of the following conditions, illnesses and diseases:  cancers, skin rash problems, liver problems, kidney problems, neurological injuries, immune system deficiencies, reproductive problems, learning disorders, birth defects, memory loss, anxiety, emotional distress, Parkinson's disease, asbestosis, silicosis, and black lung disease.

## XV.

## DAMAGES

247.   As a result of their personal injuries and/or land damages, the Plaintiffs herein seek a recovery of damages for one or more of the following elements:  (a) pain, suffering and mental anguish, past and future; (b) past lost earnings and loss of future earning capacity; (c) disfigurement, past and future; (d) physical impairment, past and future; (e) mental impairment, past and future; (f) medical expenses and care, past and future; (g) household services, past and future; (h) loss of consortium, past and future; (i) funeral expenses for the deceased; (j) medical monitoring costs; (k) fear of cancer or future disease; (l) diminution of land value; (m) remediation costs; (p) trespass; (q) nuisance and (r) response costs as allowed under CERCLA §107.

## XVI.

## PUNITIVE DAMAGES

248.   Plaintiffs would show that the acts of the Defendants herein and each of them, were grossly negligent, of a willful and wanton nature, of such a careless and reckless character as to show such an entire want of care as to establish that were a result of the conscience indifference to the rights, welfare, and safety of others.  Such acts justify recovery of exemplary or punitive damages as a deterrent to further acts of carelessness and negligence on the part of these and other Defendants as authorized under Article 16, Section 26 of the Texas Constitution, and the Texas Civil Practice and Remedies Code, Section 71.009. As a result of the fraud, malice or gross neglect of Defendants, Plaintiffs are entitled to recover exemplary damages within the jurisdictional limits of this Court.

44

## XVII.

## JURY DEMAND

249.    Plaintiffs demand a jury trial.

## XVIII.

## PRAYER

250.    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray judgment of the Court that

they have and recover of and from Defendants jointly and severally, such actual damages which

may be proven to the satisfaction of the jury in this cause, together with prejudgment and post-

judgment interest as may be allowed by Texas law, costs of Court, and such other and further

relief, general and special, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

THE CARLILE LAW FIRM, L.L.P.
5006 East End Boulevard South
Marshall, Texas  75672
Telephone:  903-938-1655
Telecopier:  903-938-0235

By:

DAVID C. CARLILE
State Bar No. 03804500

D. SCOTT CARLILE
State Bar No. 24004576

BRUCE A. CRAIG
State Bar No. 04975276

ATTORNEYS FOR PLAINTIFFS

45

*Miller, et al. v. TXU Mining Co., Inc. et al.*
Plaintiffs' Original Complaint